**KENDLAND COMPANY, INC., Plaintiff,**

v.

**DEPARTMENT OF the NAVY, Defendant.**

**Civ. No. 84–0044 P.**

United States District Court, D. Maine.

Dec. 28, 1984.

Robert J. Sherer, Rodhe, Carens & DeCiacomo, Boston, Mass., David P. Ray, John Amerling, Amerling & Burns, Portland, Maine, for plaintiff.

Paula D. Silsby, Asst. U.S. Atty., Portland, Maine, for defendant.

## MEMORANDUM OF DECISION

GENE CARTER, District Judge.

Plaintiff Kendland Company, Inc. performed work as a subcontractor in connection with a contract between the Navy and general contractor Arnold M. Diamond, Inc. for the installation of hot water mains at Pease Air Force Base in Portsmouth, New Hampshire. On July 22, 1983, Kendland addressed a request, pursuant to the Freedom of Information Act (F.O.I.A.), 5 U.S.C. § 552 to the Navy for documents relating to the project. Kendland required the documents in order to prosecute a claim for damages and additional compensation against Diamond. The request, and subsequent requests, were not fully complied with. Kendland filed a complaint on December 7, 1983, in the United States District Court, District of New Hampshire, requesting, among other things, that the Navy be ordered to produce the withheld documents. The New Hampshire Court transferred the case to this Court in accordance with 28 U.S.C. § 1406 on February 1, 1984.

All of the requested documents were produced voluntarily by the Navy on June 1, 1984, and June 15, 1984. Accordingly, Plaintiff moved to dismiss the action pursuant to Fed.R.Civ.P. 41(a). The motion was granted on June 17, 1984.

Before this Court now is Plaintiff's Motion for Costs and Attorney Fees, brought pursuant to 5 U.S.C. § 552(a)(4)(E), which provides:

> (E) The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

In *Crooker v. United States Department of Justice*, the First Circuit set forth the analysis to be employed by a district court in deciding a request for attorney's fees under the F.O.I.A.:

> In ruling upon any request under section 552(a)(4)(E), a district court should first determine whether a party has in fact "substantially prevailed." This determination must be guided by the particular circumstances of each case; to substantially prevail, there must be a showing both that the suit was necessary and that it had a causative effect on the disclosure of the requested information. When such allegations have been made, the government, in opposing the request, must do more than merely deny them.

632 F.2d 916, 922 (1st Cir.1980) (citation omitted).

The Navy concedes that "the argument can be made that the suit was necessary since NAVFAC Counsel Robert Little had made an initial determination that portions of the request could not be released." Defendant's Memorandum in Opposition to Plaintiff's Motion for Attorney Fees and Costs, 4. The Navy denies, however, that the action had a causative effect on the disclosure. The Navy stated:

> The only effect the action had upon the disposition of the problem was that it drew into the dispute government counsel who served the function of administrator or arbitrator and who expedited the delivery of the necessary information.

Defendant's Memorandum at 4. This statement amounts to a concession that the suit, at the very least, *expedited* the release of information. The Navy contends that the true cause of the disclosure was a determination subsequent to the filing of the action that the reasons for withholding the information were no longer applicable and that Diamond did not object to the release. It is apparent from the record, however, that the role played by Paula Silsby, Esq., the Assistant United States Attorney who was assigned to defend against the suit, was at least a substantial factor causing the release of the information. The determination that the documents could be released was made only after Ms. Silsby requested Robert E. Little, Jr., Esq., Associate Counsel for the Navy,

who initially decided to withhold the documents, to visit the shipyard and review the entire contract file. *See* Affidavit of Robert E. Little, Jr., at 2 (July 13, 1984).

■ The chain of causation thus may be briefly summarized: Kendland's suit caused Ms. Silsby to review Kendland's F.O.I.A. request; Ms. Silsby requested Mr. Little to review the file; Mr. Little's review led to the release of the information. The Navy does not argue that the information would have been released as quickly, or at all, if Ms. Silsby had not become involved. The First Circuit's statement in *Crooker* is pertinent here:

> What our reading of the record does show is that, faced with a colorable claim of cause-and-effect, the Government has not demonstrated that the complainant's success in obtaining the requested documents was due more to its responsible compliance with the provisions of the Act than to the complainant's pending suit. Unless it can do so in a concrete manner, a court would have to conclude that the complainant had "substantially prevailed" within the meaning of the Act.

632 F.2d at 919. Kendland has made out a "colorable claim of cause-and-effect," and the Government has not affirmatively demonstrated that Kendland's success "was due more to its responsible compliance with the provisions of the Act than to the complainant's pending suit." *See id.* Therefore, Kendland has "substantially prevailed" within the meaning of the Act.

■ The second step in the analysis to be applied in deciding a request for attorney's fees under the F.O.I.A. is set forth in *Crooker:*

> Second, if the court determines that a complainant has "substantially prevailed," it must consider whether the suit

was of the type that advanced the policy considerations of the Act, which include: "the benefit to the public deriving from the case, the commercial benefit to the complainant and the nature of his interest in the Federal records sought, and whether the Government's withholding of the records sought had a 'reasonable basis in law.'" *See* Conf.Rep. No. 1200, *supra.* *See also Nationwide Bldg. Maintenance, Inc. v. Sampson,* 559 F.2d 704, 712–13 (D.C.Cir.1977).

632 F.2d at 922. The policy considerations listed in *Crooker* were drawn from the Congressional Conference Report on the F.O.I.A. Conf.Rep. No. 1200, 93d Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Admin.News, 6267, 6285, 6288.[1] The Senate Judiciary Committee Report contains an enlightening explication of the policy considerations:

> Under the first criterion a court would ordinarily award fees, for example, where a newsman was seeking information to be used in a publication or a public interest group was seeking information to further a project benefitting the general public, but it would not award fees if a business was using the FOIA to obtain data relating to a competitor or as a substitute for discovery in private litigation with the government.
>
> Under the second criterion a court would usually allow recovery of fees where the complainant was indigent or a nonprofit public interest group versus [sic] but would not if it was a large corporate interest (or a representative of such an interest). For the purposes of applying this criterion, news interests should not be considered commercial interests.

1. The listed criteria were included in the Senate's version of the bill and subsequently eliminated. The conferees explained:

> By eliminating these criteria, the conferees do not intend to make the award of attorney fees automatic or to preclude the courts, in exercising their discretion as to awarding such fees, to take into consideration such criteria. Instead, the conferees believe that because the

existing body of law on the award of attorney fees recognized such factors, a statement of the criteria may be too delimiting and is unnecessary.

Conf.Rep. No. 1200, *supra,* at 6288. Thus, courts, including the First Circuit, have relied upon the criteria in determining whether an award of attorney's fees would advance the policies of the Act.

Under the third criterion a court would generally award fees if the complainant's interest in the information sought was scholarly or journalistic or public-interest oriented, but would no do so if his interest was of a frivolous or purely commercial nature.

Finally, under the fourth criterion a court would not award fees where the government's withholding had a colorable basis in law but would ordinarily award them if the withholding appeared to be merely to avoid embarrassment or to frustrate the requester.

S.Rep. No. 93–854, 93d Cong., 2d Sess. 19 (1974) (quoted in *Nationwide Building Maintenance, Inc. v. Sampson*, 559 F.2d 704, 712 (D.C.Cir.1977)). The Committee summarized:

there will seldom be an award of attorneys' fees when the suit is to advance the private commercial interests of the complainant. In these cases there is usually no need to award attorneys' fees to insure that the action will be brought. The private self-interest motive of, and often pecuniary benefit to, the complainant will be sufficient to insure the vindication of the rights given in the FOIA. The court should not ordinarily award fees under this situation unless the government officials have been recalcitrant in their opposition to a valid claim or have been otherwise engaged in obdurate behavior.

*Id.*

Applying the first criterion to this case, it is not contended and the record in no way indicates that release of the information sought would in any way accrue to the public benefit.

With respect to the second criterion, it is clear that the information is sought solely for use in private litigation concerning Kendland's business interests. As such, the information is to be used only for Kendland's individual, pecuniary benefit.

Third, Kendland does not contend that the nature of its interest in the information is anything but purely commercial.

The only policy consideration that arguably may support Kendland's request for attorney's fees is whether the Government's withholding of the documents had a "reasonable basis in law." The Court is satisfied that the refusal to release at least some of the documents was justifiable under a statutory exemption for "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4). The Navy specifically relied upon a regulation promulgated pursuant to the statute, exempting from disclosure:

(1) Commercial or financial information received in confidence in connection with loans, bids, contracts or proposals, as well as other information received in confidence or privileged, such as trade secrets, inventions and discoveries, or other proprietary data.

32 C.F.R. § 701.24(d)(1) (1984). The record would also support the conclusion that at least some of the requested information not falling into an exemption was improperly withheld due to bureaucratic ineptitude or some other undiscernible reason. The record contains no evidence, however, that the Government had a direct interest in withholding the information. The information was not withheld "to avoid embarrassment or frustrate the requester," nor was the Government "recalcitrant in opposition to a valid claim" or "otherwise engaged in obdurate behavior." *See* S.Rep. No. 93–854, *supra*, at 19.

In sum, this is a case in which the private self-interest of the complainant was sufficient to insure the vindication of rights under the F.O.I.A., *see id.*, and an award of attorney's fees is unnecessary to advance the policies of the Act.

Accordingly, it is ORDERED that the Plaintiff's Motion for Costs and Attorney's Fees be, and is hereby, DENIED.

So ORDERED.